UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRA MOSLEY,

    Plaintiff,

v.

FAURECIA AUTOMOTIVE SEATING,
INC., a Delaware Corporation,

    Defendant.

_____/

Case No. 08-10130

David M. Lawson
U.S. District Judge

Michael Hluchaniuk
U.S. Magistrate Judge

# ORDER GRANTING MOTION
# TO SET ASIDE ENTRY OF DEFAULT

**I.    PROCEDURAL HISTORY**

The instant matter involves a Family Medical Leave Act claim asserted by plaintiff against defendant. Plaintiff filed a complaint on January 9, 2008. (Dkt. # 1). According to the certificate of service filed on January 18, 2008, defendant's resident agent was served by certified mail on January 14, 2008. (Dkt. # 2). If service were proper, defendant's answer would have been due on February 4, 2008. Fed.R.Civ.P. 12(a)(1)(A)(i); 6(a). On February 6, 2008, plaintiff filed a request for clerk's entry of default pursuant to Rule 55. (Dkt. # 3). According to the proof of service on the request, it was "served" on all parties via the Court's

1

ECF system. *Id.* On February 18, 2008, defendant's counsel filed an appearance and an answer to the complaint. (Dkt. # 4, 5). On February 20, 2008, the District Court set a scheduling conference for this matter. (Dkt. # 6). Also on February 20, 2008, the clerk of the court entered the default, which is noted as having been "filed" on February 6, 2008. (Dkt. # 8).

On March 12, 2008, defendant filed a motion to set aside entry of default, which was referred to the undersigned for hearing and determination by District Judge David M. Lawson pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. # 9, 10). Plaintiff filed a response on March 24, 2008 and plaintiff filed a reply on April 14, 2008. (Dkt. # 11, 13). The undersigned held a telephonic hearing on April 29, 2008, at which counsel for both parties appeared.

For the reasons set forth below, the Court **GRANTS** defendant's motion to set aside entry of default.

## II. THE PARTIES' SUBMISSIONS

Defendant argues that, under the three-factor test for determining whether a default should be set aside, it has established the requisite good cause for doing so. (Dkt. # 9, pp. 4-5, citing, *Berthelson v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)). This test involves an analysis of whether willful or culpable conduct led to the default, whether there is prejudice to the plaintiff if the default is set aside, and whether the defendant has a meritorious defense. *Id.* Defendant also argues that,

even if it were unable to satisfy the three-factor test set forth above, the default should be set aside because it was entered *after* defendant filed its answer, in violation of Rule 55(a) and because plaintiff did not properly serve defendant with the complaint. (Dkt. # 9, pp. 9-10).

Plaintiff argues that the default should not be set aside for several reasons. First, plaintiff argues that the default was "filed" before defendant filed its answer to the complaint, it was effective. (Dkt. # 11, pp. 5-6). Second, plaintiff states that defendant has failed to satisfy the three-factor test, arguing, *inter alia*, that she is prejudiced because of defendant's pre-litigation delay tactics and this is just another delay tactic for which defendant should not be rewarded. *Id*. at 4-5; 6-9. Third, plaintiff claims that the complaint was in fact properly served under state law, as permitted by Rule 4(h). *Id*. at 9-10. Finally, plaintiff requests that, if this Court sets aside the default, it should condition that relief on payment of plaintiff's costs and fees incurred in defending the motion. *Id*. at 11-13.

## III. DISCUSSION

    A.    <u>Plaintiff's Failure to Serve the Request tor Entry of Default on Defendant, Alone, is a Sufficient Basis on Which to Set Aside the Default</u>.

At the hearing, the Court questioned the parties regarding whether the request for entry of clerk's default filed by plaintiff was required to be served on the defendant and whether it was in fact served on the defendant. Based on the

3

responses of counsel, there is no dispute that plaintiff did not serve the request for entry of default on plaintiff. Plaintiff maintains that no service or notice was required because Rule 4 only applies to service of the summons and complaint and because Rule 5 only applies to parties who have appeared in the action. Thus, according to plaintiff, no service of the request was required under the Federal Rules.

This Court disagrees with plaintiff. Unless and until a party has been defaulted, Rule 5(a) requires the service of every pleading filed after the original complaint *and* the service of *all* written notices, appearances, demands, offers of judgment, or "other similar paper[s]." Fed.R.Civ.P. 5(a). This language is intended to be extremely broad and encompasses *every document* filed, unless otherwise provided elsewhere in the Federal Rules:

> The first sentence of Rule 5(a) requires each party not in default for failing to appear in the action to be served with a copy of the following notices and papers: orders required by their terms to be served; all pleadings subsequent to the original complaint, including...a wide variety of notices; appearances; demands; offers of judgment; papers that are prerequisites to taking an appeal, such as designations of records on appeal; and any "similar paper." A number of other documents also have been recognized by the courts as "similar papers" that are required to be filed under Rule 5, and courts have confirmed the broad interpretation that should be given to the term. **In short, every party *not in default* is entitled to receive notice of each step taken in the action**. * * *

4

> The words "similar paper" in Rule 5(a) evidence an attempt by the drafters to avoid a restrictive interpretation of the rule's specific list of papers, which is not intended to be exhaustive. In fact, these residuary and catch-all words suggest an expansive scope of application for the service requirement and it is not surprising that **it has been construed to extend to the service of written notices in such diverse matters as bankruptcy, contempt proceedings, grand jury investigations, and divorce cases** in the District of Columbia. * * *

4B Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 1143 (footnotes omitted, emphasis added).

Plaintiff argued at the hearing that the service requirements of Rule 5 only apply to parties that have "appeared" in the action. However, Rule 5(a)(2) provides that the only circumstance in which service need not be made is "on a party who is *in default* for failing to appear." (Emphasis added). Until the clerk *enters* a default against a party, that party, by definition, is not yet in default. Thus, this Court believes that Rule 5(a) unambiguously provides that service of the request for entry of default on defendant was required. As set forth above, there is no dispute that such service was neither effectuated nor even attempted by plaintiff.

Further, a default is properly set aside where the motion for default and other pleadings were not served on the parties in accordance with Rule 5(a). *Simmons v. Ohio Civil Service Emp. Assoc.*, 259 F.Supp.2d 677, 686 (S.D. Ohio 2003). In this

5

case, plaintiff also failed to properly serve the summons and complaint on defendant. Plaintiff argues that service on a corporation is controlled by Rule 4(h), which allows service of process on a corporation in the manner set forth in Rule 4(e)(1), "which in turn authorizes service upon a corporation in accordance with Michigan state law." (Dkt. # 11, p. 10). Plaintiff argues that MCR 2.105(D)(1) "permits service of process on a corporation merely by serving the summons and complaint upon the corporation's registered agent" by certified or registered mail. *Id.* Plaintiff concludes that service by registered mail equals "service" under MCR 2.105(D)(1). The Court disagrees. MCR 2.105(D)(1) does not permit service by mail on the registered agent, as made clear by reading subsection (D)(1) in conjunction with subsection (D)(2), which includes a registered mail provision. District Judge Robert H. Cleland recently explained that Michigan law allows service on a corporation "by serving a summons and a copy of the complaint on an officer or the resident agent ***personally*** or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail." *Vasher v. Kabacinski*, 2007 W.L. 295006, *2 (E.D. Mich. 2007) (emphasis added). And, as District Judge Victoria A. Roberts recently held, the "deliberate distinction" between subsection (D)(1) and subsection (D)(2) "suggests that the Michigan Supreme Court did not intend that the term 'serving' be interpreted as

synonymous with 'mailing.'" *State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 W.L. 127909, *4 (E.D. Mich. 2007). Thus, plaintiff's service of the summons and complaint by registered or certified mail only was not proper under Michigan law.

At the hearing, plaintiff also suggested that *Hill v. Frawley*, 155 Mich. App. 611, 400 N.W.2d 328 (1986) stands for the proposition that service of process on a corporation by registered mail is sufficient under MCR 2.105(D)(1). *Hill* is inapposite to the issue at hand because it involved a motion to dismiss based on insufficient service of process and whether the registered mail process employed (and permitted) under MCR 2.105(A)(2) for service on an individual (not a corporation) was sufficient where the defendant had not signed the receipt card.[1] Here, the issue is whether defendant, a corporation, was properly served under MCR 2.105(D)(1) and the inquiry is not being made for purposes of a motion to dismiss, but rather, for determining whether a default should be set aside. Given that plaintiff failed to serve the summons and complaint *properly* and also failed to serve the request for clerk's entry of default *entirely*, the entry of default should be set aside, regardless of the three-factor analysis. As observed by the Sixth Circuit, "there must be effective service of process on a defendant before an entry of

---

[1] Moreover, the Court is unable to locate any Michigan case law interpreting MCR 2.105(D)(1) in the manner suggested by plaintiff.

7

default can be made." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board,* 2000 W.L. 1257040, *5 (6th Cir. 2000), citing, 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. 3d § 2682.

> B. <u>The Default Must Also Be Set Aside Because it was Improperly Entered by the Clerk of the Court in Violation of Rule 55(a) and Local Rule 55.1</u>.

This Court also concludes that the clerk of the court improperly entered a default after an answer was filed in this matter. Plaintiff filed her request for entry of default before the answer was filed but, for reasons that are unclear, the actual entry of the default by the clerk, an act separate and distinct from the request by the plaintiff, was not completed until after the answer was filed. Rule 55(a) clearly provides that a default may only be entered *if* the defendant has failed to answer or otherwise defend. This was not the case on February 20, 2008 when the default was *entered* because defendant had already filed its answer to the complaint two days before, on February 18, 2008. Moreover, Local Rule 55.1 mandates that an *affidavit* setting forth the following is required: (a) the identity of the defendant in default; (b) a statement attesting to the date the summons and complaint were served on the defendant who is in default; and (c) a statement indicating the manner of service and the location where the defendant was served. *See* Local Rule 55.1. Plaintiff's request for entry of default is not supported by any affidavit

setting forth the requisite information. (Dkt. # 3). Thus, the clerk of the court should not have entered the default.

      C.    <u>The Default Must Also Be Set Aside Because Defendant Has Satisfied the Three-Factor Test and Established "Good Cause."</u>

In the alternative, the Court concludes that defendant has satisfied the three-factor test set forth in *Berthelson, supra*. A trial on the merits is strongly favored in the federal courts. *United Coin Meter Co., Inc. v. Seaboard Coastline RR*, 705 F.2d 839, 846 (6th Cir. 1983). "Any doubt should be resolved in favor of the petition to set aside the judgment so that the cases may be decided on the merits." *Id*.

The first factor to be examined is whether defendant's conduct is culpable. To establish that defendant is culpable, a defendant must display an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings. *Thompson v. America Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). In this case, there was a two-week delay in answering the complaint, which, as defendant explains, was caused by an inadvertent internal routing of the complaint to the wrong department. (Dkt. # 13, pp. 2-3, Ex. 1). After the complaint was received by the correct department, defendant filed an appearance and answer within one business day. *Id*. Defendant acknowledges that it "mishandled" the summons and complaint, but argues that "mere carelessness is

9

not enough, rather, there must be either an intent to thwart judicial proceedings or reckless disregard for the effect of its conduct on those proceedings." *Id.* at 3, quoting, *Southern Elec. Health Fund v. Bedrock Services*, 146 Fed.Appx. 772, 777 (6th Cir. 2005) (internal quotation marks omitted). The Court agrees. In this case, there is simply no evidence of any reckless disregard or intent to thwart these judicial proceedings. Thus, this factor weighs in favor of setting aside the entry of default.

The second factor is whether plaintiff will suffer any prejudice if the default is set aside. Plaintiff argues that defendant's pre-litigation history of delay tactics regarding her efforts to obtain her personnel file establishes prejudice. (Dkt. 11, pp. 4, 7). Plaintiff cites *Southern Electric, supra* in support of her position. In *Southern Electric*, the defaulting party had failed to answer, failed to appear before the court, failed to comply with the court's order granting a temporary injunction, and delayed answering the complaint for eight months through its tactics. *Id.* at 778. The facts in *Southern Electric* bear no resemblance to the instant matter. Plaintiff also relies on *Cox v. Sprung's Transport & Movers, Ltd.*, 407 F.Supp.2d 754, 758 (D.S.C. 2006) to support her claim of prejudice. In *Cox*, the Court concluded that, where the defendant moved to set aside the default promptly and there was no history of dilatory conduct by the defendant, the plaintiff was not prejudiced by setting aside the default. *Id.* There is nothing in *Cox*, or any other

authority cited by plaintiff, to suggest that "dilatory conduct" may include any pre-litigation conduct. Thus, plaintiff has failed to establish that the two-week delay is prejudicial.

Plaintiff also argues that defendant "dishonestly" accused plaintiff of altering the medical certification form and this provides a basis for the Court to refuse to set aside the default. Even if this were true (which a review of defendant's submission reveals that it is not), such conduct does not rise to the level of the conduct in the cases relied on by plaintiff. For example, *Steelcase, Inc. v. L. Cohen Group*, 2007 W.L. 1796234 (W.D. Mich. 2007), District Judge Gordon Quist refused to set aside a default judgment where the "record amply demonstrates that Defendants were fully aware of the proceedings, including the Permanent Injunction and the Order finding them in contempt, and failed to demonstrate a sincere effort to comply." *Sturgill v. L.A. Insurance XXIX, Inc.*, 2007 W.L. 4324108 (W.D. Mich. 2007) also provides no support for plaintiff's argument. In *Sturgill*, the defendants did not appear until after the motion for entry of default judgment was filed and still failed to answer the complaint at that time. The defendants also provided inconsistent evidence regarding when they learned of the default and omitted critical information; thus, District Judge Wendell A. Miles determined that the defendants' story was not credible due to the inconsistencies and omissions. *Id*. at *2, 5. Again, the facts in *Sturgill* bear no resemblance to the

matter before the Court. Thus, this factor weighs in favor of setting aside the default.

The third factor this Court must consider is whether defendant has proffered a meritorious defense. Defendant argues that plaintiff cannot state an FMLA claim because she never put defendant on notice that her father suffered from a condition that could be considered a "serious health condition." (Dkt. # 9, p. 7). According to defendant, under federal regulations, plaintiff's father must have suffered an incapacity lasting more than three consecutive days that involved two or more treatments by a health care provider, and that resulted in continuing treatment. *Id*. Defendant concludes that plaintiff's medical certification was insufficient on this basis and because it was not provided by her *father's* treating physician. *Id*. Further, defendant claims that plaintiff failed to give proper notice as required by the FMLA and argues that the notice was suspicious because it initially provided that plaintiff, not her father, was ill. *Id*. at 7-8. Plaintiff claims that defendant was required to provide plaintiff with notice and the opportunity to cure any deficiency in the medical certification. (Dkt. # 11, pp. 8-9). Defendant disputes that, under the circumstances, it was required to seek clarification. (Dkt. # 13, p. 2). Defendant also points out that it need not prove its defense in order to have this factor weigh in its favor. Rather, "[a]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if

believed, would permit either the Court or the jury to find for the defaulting party." *Id.*, quoting, *Cox*, 407 F.Supp.2d at 757. The Court concludes that defendant has done so and thus, this factor also weighs in favor of setting aside the default. Based on the Court's assessment of the three factors, defendant has shown sufficient good cause to warrant setting aside the default.

Finally, the Court declines to exercise its discretion to condition the setting aside of the entry of default on defendant's payment of costs and fees. *See* Rule 55(c). Under the circumstances presented -- plaintiff failed to serve the summons and complaint in compliance with state or federal law,[2] plaintiff failed to serve the request for entry of clerk's default on defendant, and plaintiff failed to comply with the requirements of Local Rule 55.1 -- costs and fees are not warranted.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, this Court hereby **GRANTS** defendant's motion to set aside the clerk's entry of default.

**IT IS SO ORDERED.**

---

[2] There is no dispute (and plaintiff did not argue otherwise) that plaintiff did not serve the summons and complaint in accordance with the Rule 4(h)(1)(B), which is the only other applicable option for service on a corporation and which requires the delivery of a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

13

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Date: May 1, 2008	s/Michael Hluchaniuk
	Michael Hluchaniuk
	United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Susan H. Hiser and Joey S. Niskar, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

	s/James P. Peltier
	Courtroom Deputy Clerk
	U.S. District Court
	600 Church Street
	Flint, MI 48502
	(810) 341-7850
	pete_peltier@mied.uscourts.gov